**RECEIVED**

SEP 0 7 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

In the District Court of the United States
For the District of South Carolina

BEAUFORT DIVISION

| | |
|---|---|
| John L. Ware, a/k/a Johnny L. Ware, #271206, | ) ) ) |
| Petitioner, | ) Civil Action No. 9:05-0707-GRA-GCK ) ) |
| vs. | ) ) |
| State of South Carolina and Henry McMaster, Attorney General of South Carolina, | ) REPORT AND RECOMMENDATION ) OF THE MAGISTRATE JUDGE ) ) ) |
| Respondents. | ) ) |

## I. INTRODUCTION

The Petitioner, John L. Ware (a/k/a Johnny L. Ware) ("Petitioner" or "Ware"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this United States Magistrate Judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## II. *PRO SE* PETITION



Ware is presently incarcerated in the Tyger River Correctional Institution of the South Carolina Department of Corrections. Ware filed this Petition for a writ of habeas corpus (the "Petition") on February 23, 2005 against the State of South Carolina and Henry McMaster, the Attorney General of the State of South Carolina.[1] [1-1]. Ware is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v.

---

[1] Ware has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) with respect to the "delivery" date of February 23, 2005.

Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Publ L. No. 104-132, 110 Stat. 1214. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied,* 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied,* 475 U.S. 1088 (1986).

### III. PROCEDURAL HISTORY IN STATE COURT

#### A. Proceedings in the Court of General Sessions

During the September, 2000 term of the Court of General Sessions for Greenville County, the grand jury returned an indictment against Ware for three counts of resisting arrest with assault. The charges stem from an April 2000 incident where Petitioner resisted arrest by officers investigating a domestic dispute. He was represented by Gregory A. Newell, Esquire. On December 4-5, 2000, the Petitioner received a jury trial before the Honorable Larry R. Patterson and was found guilty of the charges. He was sentenced to confinement for a period of ten (10) years for indictment number 00-GS-23-6623; five (5) years, consecutive, for indictment number

00-GS-23-6624; and one (1) year; consecutive, for indictment number 00-GA-23-6626. The Petitioner timely appealed his conviction.

Petitioner filed a Notice of Intent to Appeal and an appeal was perfected on his behalf by Aileen P. Clare, Esquire, of the South Carolina Office of Appellate Defense. On September 27, 2001, Petitioner submitted a Final <u>Anders</u> Brief of Appellant and Petition to be Relieved as Counsel to the South Carolina Court of Appeals, presenting the following issue for review:

> 1. Was appellant entitled to a directed verdict of not guilty of resisting arrest, when the alleged disturbance took place after his arrest?

On April 25, 2002, the Court of Appeals issued a per curiam opinion dismissing Ware's appeal.

### B. Ware's Application for Post-Conviction Relief

The Petitioner filed an application for post-conviction relief ("PCR") on May 23, 2002. (App. pp. 215-09). He raised the following grounds for relief in the Application:

> a. Ineffective Counsel
>
> b. Counsel failed to fully represent
>
> c. Withholding evidence.

The State made its Return on November 18, 2002. (App. pp. 222-225) A hearing was held on the matter on July 31, 2003, in Greenville County Courthouse before the Honorable John C. Few. The Petitioner was present at the hearing and was represented by Cameron Boggs, Esquire. The State was represented by Assistant Attorney General Christopher Newton. The Petitioner testified on his behalf and also testifying was trial attorney Greg Newell. On August 19, 2003, Judge Few entered an order denying relief.

### C. Petitioner's Appeal to South Carolina Supreme Court

Assistant Appellate Defender Eleanor Duffy Cleary represented Ware during his PCR appeal and on May 19, 2004, timely filed a Petition for Writ of Certiorari and a Brief of Appellant under *White v. State*,[2] on Petitioner's behalf. In his Petition, the following issues were raised:

---

[2] 263 S.C. 110, 208 S.E.2d 35 (1974).

> 1. Whether the PCR court erred in ruling that petitioner was not entitled to post-conviction relief where petitioner demonstrated that his counsel was ineffective and he was prejudiced by that ineffectiveness?

On February 3, 2005, the South Carolina Supreme Court denied the Petition for Writ of Certiorari and granted counsel's request for withdrawal. The Remittitur was sent down on February 5, 2005.

## IV. FEDERAL COURT HISTORY

### A. Ware's Petition for a Writ of Habeas Corpus

On February March 10, 2005, Ware filed his Petition for a writ of habeas corpus. [1-1] The Petition set forth three (3) grounds for relief:

> 1. Ineffective assistant counsel
>
> Supporting Facts: Failure to use material witness for defendant in said case (four). Faye Ware, Eddie Sullivan, Jennifer A. Rogers - Pamella Sullivan Ware, Missy Ogelsby, Sean Ware. Failure to subpeana [sic] material witness for defendant in said case. (three) Dr. Susan, two paramedics.
>
> 2. Subject matter jurisdiction
>
> Supporting Facts: Indictment was not stamped by clerk of court's office before trial.
>
> 3. Withholding evidence.
>
> Supporting Facts: Medical history, material witness, unnessisary and eccesive force by law enforcement. [sic]

On March 11, 2005, the undersigned issued an Order which authorized service on the State of South Carolina and Henry McMaster (collectively, the "Respondents"), and notified Ware of the change of address rule. [3-1] On May 2, 2005, the Respondents filed a Motion for an extension of time in which to make a return or otherwise plead, and the Motion was granted on May 9, 2005. [4-1; 5-1] Thereafter, in response to Ware's Petition for habeas corpus relief, the Respondents timely filed a Motion for Summary Judgment and a Return and Memorandum of Law in Support of Motion for Summary Judgment ("Motion for Summary Judgment") on May 27, 2005. [6-1; 7-1]

The undersigned issued an Order filed on June 1, 2005, under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Ware of the summary judgment dismissal procedure and the

Page 4 of 14

possible consequences if he failed to respond adequately to the Motion for Summary Judgment.[3] [8-1] After Petitioner failed to respond, the undersigned issued an order allowing Petitioner an additional ten (10) days in which to respond to the Respondents' Motion for Summary Judgment. [10-1] Thereafter, on July 21, 2005, Ware filed a Response to the motion for summary judgment. [12-1]

### B. Standard for Determining a Motion for Summary Judgment

The determination of a motion for summary judgment is governed by the holding in Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. Stone v. University of Md. Medical Sys. Corp., 855 F.2d 167 (4th Cir. 1988).

### C. Habeas Corpus Review

#### 1. The Antiterrorism and Effective Death Penalty Act

##### a. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such

---

[3] The explanation to the *pro se* litigant is required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case. The same procedure has been held to apply in federal habeas corpus cases under Webb v. Garrison, No. 77-1855 (4th Cir., decided July 6, 1977).

review." 28 U.S.C. § 2244(d)(1)(A). A "properly filed application for State post-conviction relief" tolls the time for filing. 28 U.S.C. § 2244(d)(2).[4]

The present habeas corpus petition was filed on February 18, 2005. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. See Lindh v. Murphy, 521 U.S. 320, 327 (1997).

### b. Exhaustion of State Court Remedies

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies: "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375 (1998), citing Wainwright v. Sykes, 433 U.S. 72 (1977); see also 28 U.S.C. § 2254(b). This Court's exhaustion requirements under Section 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907 (4th Cir.), *cert. denied*, 522 U.S. 833 (1997):

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts[.]

---

[4] The full text of Section 2244(d) is as follows:
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

> To satisfy the exhaustion requirement, a habeas petition must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.] [5]

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160 (the "Act"). The applicant may allege constitutional violations in a PCR proceeding, but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428 (1998), citing S.C. Code Ann. §§ 17-27-20(a)(1), (b). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 329 S.C. at 42, 495 S.E.2d at 428. As the South Carolina Supreme Court has explained: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies. In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).



Just as the exhaustion doctrine requires that a claim be fairly presented to all appropriate state courts before it is raised in a Section 2254 petition, if a claim has not been presented but no state remedy remains available, the claim will be considered procedurally defaulted. Teague v. Lane, 489 U.S. 288 (1989). A claim that has been procedurally defaulted in state court usually will not be reviewed in a Section 2254 petition. A federal court will hear a procedurally defaulted claim only if the petitioner "'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice.'" Matthews v. Evatt, 105 F.3d at 916, *quoting* Coleman v. Thompson, 501 U.S. at 750 (emphasis supplied by the undersigned). Unless a petitioner can demonstrate both "cause" and "prejudice", this Court will be procedurally barred

---

[5] Matthews v. Evatt, 105 F.3d at 910-11 (citations omitted).

from considering those claims that are procedurally defaulted. Daniels v. Lee, 316 F.3d 477, 486 (4th Cir. 2003).

Respondents concede that the Petitioner has generally exhausted his state remedies with the disposition of his direct appeal and the PCR appeal by the South Carolina Supreme Court. See generally, S.C. Code Ann. § 17-27-100 (1985); Drayton v. Evatt, 312 S.C. 4, 430 S.E.2d 517 (1993); Rule 203, SCACR. However, Respondents also state that this does not constitute a waiver of any procedural bar or bypass arguments from Petitioner's failure to properly preserve or present issues to the state courts.

### c. Scope of Review

This Court's review of collateral attacks on state criminal convictions is governed by the parameters set forth in the AEDPA, which amended Section 2254. Under the AEDPA, a federal court may only grant habeas corpus relief under Section 2254(d) with respect to a claim adjudicated on its merits in a state court proceeding if that state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See Daniels v. Lee, 316 F.3d 477, 485 (4th Cir. 2003), *quoting* 28 U.S.C. §§ 2254(d)(1) & (2); see also Byram v. Ozmint, 339 F.3d 203 (4th Cir. 2003).



With respect to the first prong of the analysis, the United States Supreme Court has explained that a state court adjudication is "contrary to" clearly established Federal law only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). An "unreasonable application" of Federal law will be found "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-413. An "unreasonable application" likewise will be found if the state court "was unreasonable in refusing to extend the

Page 8 of 14

governing legal principle to a context in which the principle should have controlled. Ramdass v. Angelone, 530 U.S. 156, 166 (2000) (opinion of Kennedy, J.). Yet as Williams teaches, a state court's "unreasonable application" of the law informs the federal court to the extent that the latter "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Bates v. Lee, 308 F.3d 411, 417 (4th Cir. 2002), cert. denied, 538 U.S. 1061 (2003), quoting Williams, 529 U.S. at 411. The Fourth Circuit has held that this application of federal law must be "objectively unreasonable." Oken v. Corcoran, 220 F.3d 259, 264 (4th Cir. 2000) (noting that the Supreme Court in Williams "adopted" the holding in Green v. French, 143 F.3d 865, 870 (4th Cir. 1998), cert. denied, 525 U.S. 1090 (1999) that the "unreasonable application" inquiry is an objective inquiry).

Turning to Section 2254(d)(2), the proper analysis for establishing whether there exists an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding" is framed by Section 2254(e)(1), which provides that the findings of fact by a state court are entitled to a "presumption of correctness" and the petitioner must bear the burden of rebutting that presumption by "clear and convincing evidence." See 28 U.S.C. § 2254(e)(1).

### 2. Review of Ware's Habeas Allegations on the Merits

#### a. Ground One

1. Ineffective assistant counsil. [sic]

   Supporting Facts: Failure to use material witness for defendant in said case. (four) Faye Ware, Eddie Sullivan, Jennifer A. Rogers - Pamella Sullivan Ware, Missy Ogelsby, Sean Ware. Failure to subpeana material witness for defendant in said case. (three) Dr. Susan, two paramedics.

Petitioner first alleges trial counsel was ineffective for failing to present various witnesses at trial. Petitioner's claim is insufficient for relief. Pursuant to the well-settled doctrine of Strickland v Washington, Petitioner must first demonstrate that his trial counsel's performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. 668 (1984). Judicial scrutiny of counsel's performance is highly deferential and not subject to the distorting

effects of hindsight, and counsel may reasonably choose from a wide range of acceptable strategies. Strickland, 466 U.S. at 689; Burket v. Angelone, 208 F.3d 172 (4th Cir. 2000).

Second, Petitioner must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland. 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is insufficient to show only that the errors had some conceivable effect on the outcome of the proceeding, because virtually every act or omission of counsel would meet that test. Id. at 693. "The Petitioner bears the 'highly demanding' and 'heavy burden' in establishing actual prejudice. Williams v. Taylor, 529 U.S. 352, 394 (2000).

Moreover, the standard for federal review of state court determinations is highly deferential. To receive relief in federal habeas on an issue that was litigated on the merits in state court, Petitioner must show that the state court decision was either: (1) an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented at the state court hearing. 28 U.S.C. §§ 2254(d)(1) & (d)(2).

Petitioner raised this issue to the PCR court, which first found Petitioner's testimony was not credible. The PCR court also ruled that counsel was not deficient because he discussed witnesses with Petitioner and Petitioner did not present evidence at the PCR hearing concerning the value of these additional witnesses. (App. pp. 286-288). This issue also was raised on PCR appeal in the "no merit" Johnson brief, and the South Carolina Supreme Court denied certiorari.



These state court decisions are sustainable pursuant to the highly deferential standard of review in federal habeas corpus, because they were not unreasonable. During pre-trial motions on the morning before trial, counsel indicated Petitioner approached him with the names of various witnesses he had not mentioned before. Petitioner was being uncooperative to counsel as well as the trial court. (App. pp. 14-33). Counsel had already subpoenaed two witnesses and hospital medical records. In addition, family members were present who were potential witnesses. After Petitioner's trial testimony, counsel noted, on the record, that after discussions with Petitioner, they agreed it would not be "appropriate" to call other witnesses. (App. p.164)

Under these circumstances, the PCR court was correct in determining that counsel was not ineffective. Counsel was not ineffective for failing to call witnesses not mentioned until the morning of trial. Moreover, Petitioner failed to prove prejudice in that none of these potential witnesses testified at the PCR hearing concerning the testimony they would have given at trial. The issue should be denied and dismissed.

### b. Ground Two

2.  Subject matter jurisdiction.

Supporting Facts:     Indictment was not stamped by clerk of court's office before trial.

In his second ground for relief, Petitioner alleges the trial court did not have subject matter jurisdiction because the indictment was not stamped by the clerk of court prior to trial.

As a threshold matter, Petitioner fails to raise a claim cognizable in a federal habeas corpus proceeding. Habeas corpus relief is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accordingly, whether the indictment is proper under state law is not an issue cognizable in federal habeas corpus. See Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998), *citing* Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir. 1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Even if the indictment was not properly stamped, it would not divest the trial court of jurisdiction, because the indictment is a notice document which does not confer subject matter jurisdiction to the circuit court. See State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005). Thus, Petitioner's claim is without merit.

### c. Ground Three

3.  Withholding evidence

    Supporting Facts:   Medical history, material witness, unnessisary and eccesive force by law enforcement. [sic]

It is not clear which party Petitioner alleges withheld evidence. Therefore, Petitioner fails to properly raise any allegation for federal habeas corpus review, and fails to raise a claim upon which relief can be granted. See, e.g., Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (stating that "naked allegations" are not cognizable under federal habeas corpus statutes); Hall v. Bellmon. 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted"); Fed. R. Civ. P. 12(b)(6); Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts.

At the PCR hearing, Petitioner alleged trial counsel was ineffective for failing to obtain incident reports and hospital records, and for failing to elicit evidence concerning his mistreatment by officers. It seems the current claim relates to those ineffective assistance of counsel issues. The PCR court rejected those allegations. Here, Petitioner appears to couch this issue as one of due process. Ware has not shown or even alleged prejudice. Thus, he has not established a due process violation. See Mallett v Bowersax, 160 F.3d 456 (8th Cir. 1998). This claim, too, should be denied and dismissed.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the Respondents' Motion for Summary Judgment **[6-1] be granted.**

George C. Kosko
United States Magistrate Judge

September 6, 2005
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial**

**resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
